David SONENSCHEIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–85–127–CR.

Court of Appeals of Texas,
Austin.

Nov. 12, 1986.
Rehearing Denied Jan. 21, 1987.

David Rodriguez, William P. Allison, White and Allison, P.C., Austin, for appellant.

Ronald Earle, Dist. Atty., Terrence Keel, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and EARL W. SMITH, JJ.

SHANNON, Chief Justice.

Appellant David Sonenschein challenges the judgment of the district court of Travis County convicting him of promoting sexual performance by a child. Tex.Pen.Code Ann. § 43.25. The jury assessed punishment at confinement for ten years and a fine of $5,000. This Court will reverse the judgment.

Sonenschein stood indicted for the promotion of sexual performance by a child younger than seventeen by providing Robert Woodruff a copy of a photograph representing a young child engaging in sexual intercourse.

The State produced accomplice testimony (that of Robert Woodruff) showing that on February 5, 1984, appellant and Woodruff went to appellant's Austin Independent School District office where appellant made a copy for Woodruff of a magazine photograph of a young girl engaged in sexual intercourse. In addition, the State called Will Norris in an effort to corroborate accomplice Woodruff's testimony.

By his first point of error Sonenschein claims "there was insufficient evidence to corroborate the testimony of the accomplice witness Robert Woodruff."

Texas Code Cr.P.Ann. art. 38.14 (1979) provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

In evaluating the sufficiency of the State's corroborating evidence, this Court follows the standard announced in *Edwards v. State*, 427 S.W.2d 629, 632 (Tex. Cr.App.1968):

The test of the sufficiency of the corroboration is to *eliminate from consideration* the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense.

(emphasis added).

Will Norris testified that he had known appellant since 1980 and that appellant introduced him to Robert Woodruff. The three had a common interest in child pornography. Each of the three owned and traded material depicting sexual acts of children. Norris saw appellant and Woodruff on Saturday, February 4, 1984, at appellant's house where they looked at slides and magazines showing children engaged in sexual activities. Norris admitted that he owned the magazine that appellant copied. Norris recalled that appellant and Woodruff had come by his house:

To the best of my recollection, they stopped by on their way from [appellant's] house to the AISD school office, where [appellant] worked. I cannot specifically recall whether there was any kind of exchange at that point in time.

■ The State insists that "the combined cumulative weight" of the corroborating evidence is sufficient to satisfy the requirements of art. 38.14. *See Rice v. State*, 587 S.W.2d 689, 692 (Tex.Cr.App.1979). The flaw in the State's argument is that much

of its evidence is meaningless unless that evidence is viewed in connection with the accomplice Woodruff's testimony. *Edwards v. State, supra,* of course, forbids such connection. In the Court's view, the State's corroborating evidence, *standing alone,* does not even tend to show that the offense was committed, much less that appellant was connected to the offense charged.

As corroborating evidence that an offense occurred, the State points to the fact that Norris identified the magazine copy that appellant had made for Woodruff as a copy of one of his magazines. However, when Woodruff's testimony concerning appellant's copying the magazine is removed from consideration, *Edwards v. State, supra,* Norris' identification is hardly helpful. Norris did not testify that he gave the magazine to appellant or that appellant ever possessed the magazine. Likewise, Norris did not testify why appellant and Woodruff went to appellant's office at AISD. Norris' testimony, standing alone, fails to connect appellant to the magazine. Only by referring to Woodruff's testimony is it possible to know that the same magazine copy identified by Norris was identified by Woodruff as the one appellant made. Such "bootstrapping" is impermissible in evaluating the sufficiency of corroborating evidence under art. 38.14. *See Etheredge v. State,* 542 S.W.2d 148, 150 (Tex. Cr.App.1976) (non-accomplice testimony, "standing alone," must be sufficient to connect defendant to offense); *O'Donald v. State,* 492 S.W.2d 584, 585 (Tex.Cr.App. 1973) (mere coincidence between accomplice testimony and corroborative evidence insufficient unless that corroborative evidence tends to connect the defendant with the offense charged).

█ The State makes several additional attempts to corroborate Woodruff's testimony by arguing (1) that there was independent evidence showing appellant had an opportunity to commit the offense and (2) that there was independent evidence showing appellant "in the company of the accomplice shortly before the time of the offense." These arguments suffer from the same "bootstrapping" flaw as does the State's use of Norris' testimony.

In support of its first argument, the State suggests that the independent evidence showing that appellant was familiar with the AISD layout (and in particular the location of the copier) proves that appellant had the opportunity to commit the offense. Appellant's familiarity with AISD, however, proves nothing, unless one assumes that the offense was committed at AISD. The only person who testified to this effect was Woodruff, and his testimony may not be considered, *Edwards v. State, supra.*

With respect to the State's second argument, the corroboration provided by appellant's proximity to Woodruff "before the offense" is again based on the assumption that an offense was committed at AISD. Although Norris testified that appellant and Woodruff went to AISD on Sunday, February 5, 1984, this evidence is of no assistance in establishing that appellant committed an offense there, unless one takes into account Woodruff's testimony.

Independent of Woodruff's testimony, the State proved almost nothing tending to connect appellant with commission of the offense. In sum, the State showed that appellant and his friends were pedophiles who, on occasion, traded pornographic materials featuring children. The three met at appellant's house on Saturday, February 4, 1984, to view slides and magazines. Norris testified that a copy of a pornographic magazine offered into evidence was a duplicate of one of his magazines. Finally, appellant and Woodruff went to AISD on Sunday, February 5, 1984. Separated from Woodruff's accomplice testimony, this proof does not "connect" appellant to the offense charged in the indictment, nor does it tend to prove the "particulars" of the offense that appellant provided Woodruff with a copy of the pornographic magazine.

The judgment of conviction is reversed and is here reformed to reflect an acquittal.