IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-527-CR





VIVIAN BESSIE SANCHEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT OF SCHLEICHER COUNTY



NO. 2346, HONORABLE ROBERT P. POST, JUDGE PRESIDING



 




 Appellant Vivian Bessie Sanchez appeals her conviction for forgery, a class A
misdemeanor. After the jury found appellant guilty, the trial court assessed punishment at
confinement in the county jail for six months and a fine of two hundred and fifty dollars. The
imposition of the sentence was suspended. Appellant was placed on probation subject to certain
conditions.

 Appellant advances four points of error. Three points challenge the legal
sufficiency of the evidence to sustain the conviction. The fourth point of error complains that the
"proceeding as a whole is void due to the failure to follow the appropriate procedure in obtaining
a judge to hear this matter." While the parties agreed upon a special judge, appellant contends,
inter alia, that the special judge did not take the oath required by statute. See Tex. Code Crim.
Proc. Ann. art. 30.04 (West 1989).

 The information, filed by the Special Prosecutor and upon which the prosecution
proceeded, provides in pertinent part that the appellant:



did then and there intentionally and knowingly with intent to defraud or harm
another, alter a writing, to wit: the Certificate of Birth of Crystal Vallejo so that
it purports to be a copy of an original when no such original existed. (1)



 We are confronted at the outset with the fact that there does not appear to be a
complaint underlying the information. The face of the information reflects that it was based "on
the written affidavit of Robert L. McWhorter," but such affidavit or complaint does not appear
in the appellate record despite the designation of the record by appellant to include all pleadings
by the State. See Tex. R. App. P. 50, 51. In response to our request for a supplemental
transcript, the clerk of the county court has certified that no affidavit or complaint of Robert L.
McWhorter has been filed in the instant cause. "It appears that the reference to an 'affidavit' of
Robert L. McWhorter refers to the indictment, which is the only document signed by Mr.
McWhorter." See footnote one.

 Article V, section 17 of the Texas Constitution provides in part: "[P]rosecutions
may be commenced in said [county] court by information filed by the county attorney, or by
affidavit, as may be provided by law." (emphasis added). Article 21.22 of the Texas Code of
Criminal Procedure provides in part that "no information shall be presented until affidavit has
been made by some credible person charging the defendant with an offense." Tex. Code Crim.
Proc. Ann. art. 21.22 (West 1989).

 In the past, it has been said that a valid affidavit or complaint is a prerequisite to
a valid information, Holland v. State, 623 S.W.2d 651, 652 (Tex. Crim. App. 1981), and that
without a valid complaint an information is worthless. Williams v. State, 107 S.W.2d 996, 997
(Tex. Crim. App. 1937). Only recently in Aguilar v. State, 846 S.W.2d 318, 320 (Tex. Crim.
App. 1993), the Court of Criminal Appeals recognized past holdings that a defect in the complaint
could render an otherwise valid information invalid, and that such error was often classified as
a jurisdictional error. In Aguilar, however, the court also called attention to the 1985 amendment
to Article V, section 12(b) of the Texas Constitution providing that the presentation of an
indictment or information to a court invests the court with jurisdiction of the cause. Thus, under
the explicit terms of the constitution the mere presentment of an information to a trial court vests
that court with jurisdiction over the person of the defendant, regardless of any defect that might
exist in the underlying affidavit or complaint. Aguilar, 846 S.W.2d at 320; State v. Hall, 829
S.W.2d 184, 188 (Tex. Crim. App. 1992); Studer v. State, 799 S.W.2d 263, 269 (Tex. Crim.
App. 1990). Defects in complaints must now be raised by pretrial motions to set aside the
information; they are no longer "jurisdictional" in the traditional sense. Aguilar, 846 S.W.2d at
320. 

 In the instant cause, there was not a question of a defect in the complaint, but no
complaint at all. Article 1.14(b) of the Texas Code of Criminal Procedure provides that if a
defendant does not object to a defect, error, or irregularity of form or substance in the indictment
or information before the date on which the trial on the merits commences, he waives and forfeits
the right to object to the defect, error, or irregularity and may not raise the question on appeal or
in a postconviction proceeding. Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 1993). 
Appellant did not object to the lack of a complaint to support the information and waived any right
to raise the irregularity now. If it could be argued that the information was fatally defective, we
still would be required to decide whether the evidence is sufficient to support the conviction as
raised by three of appellant's points of error. See Foster v. State, 635 S.W.2d 710, 717 (Tex.
Crim. App. 1982); Rosamond v. State, 730 S.W.2d 147, 149 (Tex. App.--Corpus Christi 1987,
no pet.); see also McElroy v. State, 720 S.W.2d 490, 493-95 (Tex. Crim. App. 1986).

 The standard of reviewing the legal sufficiency of the evidence is whether viewing
the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have
found beyond a reasonable doubt the essential elements of the offense charged. Jackson v.
Virginia, 443 U.S. 307, 319 n.12 (1979); Jackson v. State, 672 S.W.2d 801, 803 (Tex. Crim.
App. 1984). The same standard applies to circumstantial evidence cases as well as cases involving
direct evidence. Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990); Christian v.
State, 686 S.W.2d 930, 934 (Tex. Crim. App. 1985); see also Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991). The sufficiency of the evidence must also be measured against the jury
charge. If the evidence does not conform to the jury instructions given, it is insufficient as a
matter of law. Nickerson v. State, 782 S.W.2d 887, 891 (Tex. Crim. App. 1990); Garrett v.
State, 749 S.W.2d 784, 802-03 (Tex. Crim. App. 1988) (op. on reh'g); Boozer v. State, 717
S.W.2d 608, 610-11 (Tex Crim. App. 1984).

 At trial, the State relied upon the testimony of Lidia Vallejo and Texas Ranger
Danny Rhea. Appellant offered alibi testimony but did not personally testify. Vallejo testified
that she was a secretary in the Schleicher County Adult Probation Office where appellant was an
adult probation officer. Vallejo stated that on the afternoon of June 2, 1989, appellant told her
that she needed a birth certificate for appellant's husband in order that he might go to Mexico. 
Appellant stated her husband did not have a Mexican passport, but with a birth certificate he could
cross the border as a United States citizen. Vallejo volunteered that she had her daughter's birth
certificate in her purse. At appellant's suggestion, Vallejo went to the Clerk's office and made
a copy of her daughter's birth certificate. Vallejo returned to the probation office and "whited
out" her daughter's name and date of birth. She then typed in the name of appellant's husband
and his birth date and other information supplied to her by appellant. Vallejo admitted that she
signed the altered birth certificate as Carmen Sanchez, the name of the mother of appellant's
husband. Vallejo also altered the clerk's certificate. The State proved that all of the alterations
were made by Vallejo personally. 

 Texas Ranger Rhea testified that he investigated the alleged offense, that he gave
warnings to appellant concerning her rights, and that she made an oral statement to him. Rhea
reported that appellant told him: "I know that we did wrong when we made it up, and when I
took it to my husband he became angry and tore it up and threw it in the trash." Rhea assumed
that "it" referred to the altered birth certificate. He admitted that it was a matter of assumption
and that "it" as used in the statement was subject to interpretation. There was no clarification of
the term "we."

 The trial court charged the jury that Vallejo was an accomplice witness as a matter
of law and that her testimony had to be corroborated. See Tex. Code Crim. Proc. Ann. art. 38.14
(West 1979). (2)

 The testimony of an accomplice witness alone cannot furnish the basis for a
conviction, and a conviction so based must be reversed no matter how complete a case may have
been made by the accomplice witness's testimony, and no matter how much credit the jury might
have given such testimony. Paulus v. State, 633 S.W.2d 827, 843 (Tex. Crim. App. 1982). In
Edwards v. State, 427 S.W.2d 629, 632 (Tex. Crim. App. 1968), the Court of Criminal Appeals
stated:



The test as to the sufficiency of the corroboration is to eliminate from consideration
the evidence of the accomplice witness and then to examine the evidence of other
witnesses with the view to ascertain if there be inculpatory evidence, that is
evidence of incriminating character which tends to connect the defendant with the
commission of the offense. If there is such evidence, the corroboration is
sufficient; otherwise it is not.



See also Gomez v. State, 737 S.W.2d 315, 323 n.10 (Tex. Crim. App. 1987); Losada v. State,
721 S.W.2d 305, 308 (Tex. Crim. App. 1986). Thus, in deciding whether there is sufficient
corroborative evidence, we must eliminate the accomplice witness testimony and determine
whether there is evidence that independently tends to connect the appellant to the offense. Leal
v. State, 782 S.W.2d 844, 851 (Tex. Crim. App. 1989). 

 In applying the test of the sufficiency of the corroboration, each case must be
considered on its own facts and circumstances. Reed v. State, 744 S.W.2d 112, 126 (Tex. Crim.
App. 1988); Paulus, 633 S.W.2d at 844. It is not necessary that the corroboration directly link
the accused to the crime or be sufficient in itself to establish the guilt of the accused. Id. at 843. 
However, evidence independent of that of the accomplice witness which does no more than point
the finger of suspicion toward appellant is insufficient to corroborate the testimony of an
accomplice witness. Id. at 844.

 The only evidence independent of the accomplice witness's testimony is Ranger
Rhea's testimony; that after he gave appellant the Miranda warnings, (3) she volunteered a brief oral
statement. The oral statement was admitted over objection with the State claiming that there was
no custodial interrogation. According to Rhea, the oral statement was made by appellant before
he even asked a question. There was no showing of any other conversation between appellant and
Rhea. Ranger Rhea admitted that he assumed "it" in the oral statement referred to the altered
birth certificate, but acknowledged that the matter was subject to interpretation. The term "we"
in the statement was never clarified. There was no mention of the accomplice witness's name in
the oral statement. Corroborative evidence is insufficient if it connects the defendant to the
offense only when it is considered in connection with the testimony of the accomplice witness. 
Sonenschein v. State, 722 S.W.2d 450, 452 (Tex. App.--Austin 1986, pet. ref'd). Such
"bootstrapping" is impermissible in evaluating the sufficiency of corroborating evidence under
article 38.14. Id.; see also Etheredge v. State, 542 S.W.2d 148, 150 (Tex. Crim. App. 1976)
(non-accomplice witness testimony "standing alone" must be sufficient to tend to connect
defendant to the offense charged); O'Donald v. State, 492 S.W.2d 584, 585 (Tex. Crim. App.
1973).

 We conclude that the evidence is insufficient to corroborate that of the accomplice
witness as required by article 38.14. We need not, however, rest our disposition of the
sufficiency of the evidence questions on this basis alone.

 As noted earlier, the sufficiency of the evidence is measured against the jury
charge. The evidence is insufficient as a matter of law if the evidence does not conform to the
jury instruction given. Nickerson, 782 S.W.2d at 891. The evidence shows that the forgery, the
alteration of the original birth certification, was performed by Vallejo, not appellant. The State
had Vallejo admit that much in her direct examination. Vallejo's testimony showed that appellant
encouraged her, aided her by giving her information, and wiped Vallejo's prints from the seal
placed on the altered document. The State's theory of the case was that Vallejo was the primary
actor and that appellant solicited her, encouraged, directed, aided or attempted to aid Vallejo. No
evidence supported the submission of the case on the theory appellant was the primary actor. See
Jaycon v. State, 651 S.W.2d 803, 808 (Tex. Crim. App. 1983). The court's charge tracked the
allegations of the information and authorized the jury to find appellant guilty of forgery based on
her own behavior and conduct as the primary actor. The trial court did not charge on the law of
parties. See Tex. Penal Code Ann. §§ 7.01, 7.02 (West 1974). The trial court may charge the
jury on the law of parties and apply the law to the facts even if there is no allegation as to parties
in the indictment or information. Williams v. State, 676 S.W.2d 399, 401 (Tex. Crim. App.
1984); Pitts v. State, 569 S.W.2d 898, 900 (Tex. Crim. App. 1978); Miranda v. State, 813
S.W.2d 724, 732 n.2 (Tex. App.--San Antonio 1991, pet. ref'd). When the evidence does not
support the submission of the case on the theory that the defendant was the primary actor, a
correct charge should require the jury to find that the principal actor did commit the criminal act
charged and that the defendant could be held responsible for such criminal act, if at all, because
of his or her solicitation, encouragement of and assistance to the primary actor. See Apodaca v.
State, 589 S.W.2d 696, 699 (Tex. Crim. App. 1979); Anaya v. State, 677 S.W.2d 746, 749 (Tex.
App.--San Antonio 1984, pet. ref'd). There was no objection to the charge by the State nor did
it ask for a special requested charge. By not objecting to a charge which unnecessarily increased
the State's burden of proof, the State accepted that burden. Nickerson, 782 S.W.2d at 891;
Stephens v. State, 717 S.W.2d 338, 341 (Tex. Crim. App. 1986); Ortega v. State, 668 S.W.2d
701, 704-05 n.10 (Tex. Crim. App. 1983). We are bound by the decisions of the Court of
Criminal Appeals that the sufficiency of the evidence must be measured against the jury charge
given. See Nickerson, 782 S.W.2d at 891, Boozer, 717 S.W.2d at 610-11. The instant jury
charge authorized the jurors to convict only if they found appellant guilty as a primary actor in
altering the birth certificate. The evidence showed appellant's guilt, if at all, as a party to the
offense. Thus, the evidence is insufficient when measured against the charge, even assuming the
evidence was sufficient to corroborate the accomplice witness's testimony. Points one through
three are sustained.

 In light of Burks v. United States, 437 U.S. 1 (1978) and Greene v. Massey, 437
U.S. 19 (1978), we will reverse the judgment of conviction and reform it to show an acquittal.

 We need not reach the fourth point of error in view of our disposition of the first
three points of error. In the last point of error, appellant contends the record does not show that
the Special County Judge who presided at the trial took an oath as Special Judge. Cf. Saylors v.
State, 836 S.W.2d 769 (Tex. App.--Waco 1992, no pet.); Williams v. State, 677 S.W.2d 584 (Tex.
App.--Austin 1984, no pet.). There is no such oath in the record as the State concedes. (4)

 The judgment of conviction is reversed and it is reformed to show an acquittal.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Kidd and Onion*

Reversed and Reformed

Filed: December 15, 1993

Do Not Publish











* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1. Appellant was originally indicted for the misdemeanor offense of forgery. The
indictment was transferred from the district court to the county court. Thereafter, the
Special Prosecutor filed an information in the county court which added additional
allegations not found in the indictment.
2.   Article 38.14 provides: "A conviction cannot be had upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the defendant with the
offense committed; and the corroboration is not sufficient if it merely shows the commission
of the offense."
3.   Miranda v. Arizona, 384 U.S. 436 (1966).
4.   Although not raised as a point of error, we also observe that there is no record of the
formal order appointing a Special Prosecutor or his oath. See Tex. Code Crim. Proc. Ann.
2.07 (West 1977 & Supp. 1993).