IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-011-CR




CARL CLIFFORD DAVIS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-91-207, HONORABLE FRED A. MOORE, JUDGE PRESIDING


 





PER CURIAM

 A four-paragraph indictment alleged that appellant, acting with Cynthia Davis,
Gregory Valadez, and Jerry Villarreal, started a fire with intent to destroy a habitation, knowing
the habitation was located on property belonging to another and within the limits of an
incorporated city and was insured against damage and destruction, thereby recklessly endangering
the life of another person. Tex. Penal Code Ann. § 28.02(a)(2)(A), (B), (D), (F) (West Supp.
1994). The indictment further alleged that this offense resulted in bodily injury to another person. 
Id. § 28.02(d). A jury returned a general verdict of guilty and the district court assessed
punishment at imprisonment for five years, probated.

 On the night of April 9, 1991, San Marcos fire fighters were called to a house fire
at 1010 Sycamore in that city. One of them, John Banning, suffered burns to his ears while
fighting the blaze. (1) Nancy Wilson, who lived in the house next door, testified that she heard a
"boom" and when she looked out the window, "flames were leaping out from that house next door
towards mine." Wilson fled from her house, which was damaged as a result of the heat from the
neighboring fire. (2) The burned house was a rental unit and unoccupied at the time of the fire. 
Title to the house was in the name of Cynthia Davis, appellant's wife, but there is testimony that
appellant claimed a community interest. The house was insured for $42,900, with an additional
$2000 of contents coverage.

 Because of the strong odor of gasoline present in the house, arson was immediately
suspected. Investigators later established that gasoline had been poured throughout the house and
ignited. Witnesses reported seeing a Hispanic man running from the scene of the fire toward a
nearby fast-food restaurant.

 Gregory Valadez and Jerry Villarreal were ultimately arrested, charged with the
arson at 1010 Sycamore, and convicted on their pleas of no contest. Valadez testified for the State
at appellant's trial pursuant to his plea bargain agreement. Valadez testified that in late March
or early April 1991, appellant, with whom he worked at Aquarena Springs, offered him $1000
to burn the house at 1010 Sycamore. Cynthia Davis was present when this offer was made and
told Valadez, "Burn it, burn it, burn it." Valadez agreed to burn the house and enlisted the aid
of his friend Villarreal. Using a key given to Valadez by appellant, the two men entered the
house on April 9 and poured eight gallons of gasoline throughout the building. Valadez then
drove to the fast-food restaurant to await Villarreal, who remained behind to ignite the fire. The
day after the fire, Cynthia Davis and appellant met Valadez at Aquarena Springs. Cynthia took
$250 from her purse and gave it to appellant, who in turn handed it to Valadez. On the afternoon
of April 11, the Davises drove to Valadez's house and paid him an additional $500. (3)

 In his first point of error, appellant contends the evidence is insufficient to sustain
the conviction because the State did not adequately corroborate Valadez's testimony. A conviction
cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence
tending to connect the defendant with the offense, and the corroboration is not sufficient if it
merely shows the commission of the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (West
1979). To test the sufficiency of the corroborating evidence, the reviewing court must eliminate
from consideration the accomplice's testimony and examine the remaining evidence to determine
if it is incriminating. Edwards v. State, 427 S.W.2d 629, 632 (Tex. Crim. App. 1968);
Sonenschein v. State, 722 S.W.2d 450, 451 (Tex. App.--Austin 1986, pet. ref'd).

 Evidence of motive is not alone sufficient to corroborate an accomplice witness,
but may be considered together with other evidence tending to connect the defendant to the crime. 
Paulus v. State, 633 S.W.2d 827, 846 (Tex. Crim. App. 1981) (dissenting opinion adopted on
motion for rehearing). On March 8, 1991, appellant and his wife signed a contract to purchase
a retail business in Wimberley. The Davises sought to borrow the $30,000 purchase money from
banks in Wimberley and San Marcos. Both banks refused to loan the money, the last refusal
coming on April 2. Thus, the State demonstrated that appellant needed a large sum of money and
that his hope of borrowing the money was dashed just one week before the fire.

 Emma Griffin, a claims adjuster for the Davises' property insurer, testified that she
had an appointment to meet appellant at 1010 Sycamore on the morning of April 9 to examine
water damage for which a claim had been filed. Appellant failed to keep the appointment. After
Griffin returned to her office, she called Cynthia Davis and suggested that the inspection take
place the following morning. Davis insisted, however, that the inspection take place that
afternoon. The jury could infer from this that Cynthia Davis had foreknowledge of the fire
planned for the night of April 9.

 San Marcos fire marshall Kenneth Bell was one of the persons who investigated this
offense. He questioned appellant and Cynthia Davis at the police department on the afternoon of
April 11. Bell told the Davises that Valadez was a suspect and asked them not to talk to or
contact him. After his meeting with the Davises, Bell and another investigator drove to Valadez's
house, where they found appellant and Cynthia Davis conversing with Valadez in the front yard. 
Bell saw appellant shake Valadez's hand. Appellant appeared to be shocked by the arrival of the
investigators. The presence of the defendant with the accomplice witness shortly after the crime
is not alone sufficient to corroborate the accomplice's testimony, but may be sufficient when
coupled with other circumstances. Paulus, 633 S.W.2d at 846. In this cause, the circumstances
demonstrate that the Davises drove to Valadez's house immediately after their interview with Bell
and despite Bell's request that they avoid Valadez, and suggest their guilty involvement in the
arson.

 The officers who investigated the fire found no evidence of a forced entry into the
house. Appellant told Bell on April 11 that he left the house locked on April 9 and that all of the
keys to the house were in his possession. When later interviewed by Kelly Brent, a claims
supervisor for the insurance company, appellant stated that he did not know the whereabouts of
all the keys to the house. 

 Seemingly innocuous facts become significant when considered in the context of
the April 9 arson. For example, the insurance policy on the house at 1010 Sycamore was due to
expire on April 15. On April 10, the day after the fire, the Davises' Wimberley bank account was
debited for the cost of a $1000 money order purchased by appellant. The same day, appellant
deposited a $1000 money order into the couple's San Marcos bank account, less $300 cash. The
next day, appellant wrote a check on the Wimberley account for $500 cash.

 To be sufficient, the corroborating evidence need only tend to connect the defendant
to the offense charged, and need not establish his guilt or even directly connect him to the crime. 
Cox v. State, 830 S.W.2d 609, 611 (Tex. Crim. App. 1992); Paulus, 633 S.W.2d at 844. We
hold that the corroborating evidence in this cause does more than merely raise a strong suspicion
of appellant's guilt, but instead tends to connect him to the offense in the manner required by
article 38.14. See and compare Umstead v. State, 435 S.W.2d 156 (Tex. Crim. App. 1968)
(arson; corroborating evidence insufficient) with Hill v. State, 644 S.W.2d 849 (Tex.
App.--Amarillo 1982, no pet.) (arson; corroborating evidence sufficient). Point of error one is
overruled.

 Appellant's second point of error asserts that the State failed to prove the house at
1010 Sycamore was a habitation as alleged in the indictment. A "habitation" is a structure that
is adapted for the overnight accommodation of persons. Tex. Penal Code Ann. § 28.01(1) (West
1989). Whether a structure is adapted for the overnight accommodation of persons is a question
for the trier of fact, and its determination that the premises was a habitation may be overturned
on appeal only if it is shown that no reasonable trier of fact could have reached that conclusion
from the evidence presented. Blankenship v. State, 780 S.W.2d 198, 209-10 (Tex. Crim. App.
1989) (opinion on motion for rehearing).

 The structure at 1010 Sycamore was a three-bedroom, one-bath house with a living
room and kitchen. Appellant argues that the house was not adapted for the overnight
accommodation of persons at the time of the fire because it was unoccupied and both electric and
gas utilities were disconnected. Nancy Griffin testified, however, that she and her family lived
in the house for two years, moving next door only a few weeks before the fire. On the day of the
fire, appellant showed the house to prospective renters who planned to move in the following
weekend. Photographs of the house taken before the fire reveal that it was in need of repair, but
there are no obvious defects that would render it unfit for habitation. The evidence supporting
the verdict in this cause is much stronger than the evidence deemed sufficient in Blankenship. We
hold that the evidence supports the conclusion that the burned structure was a habitation and
overrule point of error two.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: April 6, 1994

Do Not Publish

1. This was the injury to another person alleged in the indictment.
2. Wilson was the person alleged to have been recklessly endangered by the fire.
3. This paragraph is a summary of Valadez's testimony. All other facts stated in this
opinion are taken from the testimony of other, nonaccomplice witnesses.